IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY D. CHRISTMAS, SR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:25-00309-KD-N |
| ) | |
| DAVID STEINER, POSTMASTER ) | |
| GENERAL, UNITED STATES ) | |
| POSTAL SERVICE, AGENCY, ) | |
|     Defendant. ) | |

## ORDER

Plaintiff LARRY D. CHRISTMAS—who is proceeding without counsel (*pro se*)—commenced this civil action by filing a complaint on July 28, 2025. (*See* Doc. 1). On November 25, 2025, Defendant David Steiner, Postmaster General, filed "UNITED STATES' MOTION TO CHANGE VENUE OR, IN THE ALTERNATIVE, DISMISS FOR LACK OF VENUE." (Doc. 8).[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (11/25/2025 electronic reference notation). Upon due consideration, the following briefing schedule is set for the subject motion (Doc. 9):

---

[1] This action was previously stayed pending the lapse in appropriations. The stay was lifted by the assigned District Judge on December 2, 2025. (*See* Doc. 9).

1. Christmas must file and serve his brief in response to said motion, if any, no later than **DECEMBER 23, 2025**.[2] The undersigned notes that this is also the deadline by which Christmas may amend his complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1), without needing leave of the court or the opposing party's consent. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than: … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."); Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), … 3 days are added after the period would otherwise expire under Rule 6(a)."); Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim"). If Christmas chooses to timely amend his complaint under Rule 15(a)(1)(B), he need not file a separate

---

[2] To the extent the stay (*see* n.1) was not applicable to the deadline set by Fed. R. Civ. P. 15(a)(1), the undersigned finds good cause for any necessary modifications pursuant to Fed. R. Civ. P. 6(b).

response to the motion. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

2. Pilot must file and serve its brief in reply to Christmas's response, if any, no later than **JANUARY 9, 2026**, after which the motion will be taken under submission for consideration as to the appropriate disposition.

3. Except as permitted by the Court's Local Rules, *e.g.*, S.D. Ala. CivLR 7(f)(3), no other briefing or submissions addressing the subject motion may be filed without leave of the Court for good cause shown.

4. Should the Court determine that oral argument would be beneficial, a hearing will be set by separate order. Otherwise, this motion is being submitted without oral argument. *See* Fed. R. Civ. P. 78(b); S.D. Ala. CivLR 7(h). "Oral argument requests must contain specific reasons why oral argument would be helpful." S.D. Ala. CivLR 7(h).

All briefing must comply with the requirements of S.D. Ala. General Local Rule 5(a) and Civil Local Rule 7. However, courtesy copies of any brief or exhibits are not required unless expressly requested by the Court.

## NOTICE TO *PRO SE* PLAINTIFF

Documents filed by *pro se* parties must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). The Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (quotation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or his name, address and telephone number."). Unless and until the Plaintiff registers with the Clerk of Court to electronically file with the Court, *see* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3), the Plaintiff must <u>handwrite</u> his or her signature in order to satisfy Rule 11(a).[3] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may

---

[3] *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially whose the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or his current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.4. The Plaintiff is encouraged to review the Court's informational resources for *pro se* litigants, available electronically on the Court's website at: https://www.alsd.uscourts.gov/filing-without-attorney.

**DONE** and **ORDERED** this 3rd Day of December 2025.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

4 The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders